NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOREST MURRAY and BRITTNEY MURRAY,<br><br>                Plaintiffs,<br><br>         v.<br><br>SYSTEMATIC NATIONAL COLLECTIONS, INC.,<br><br>                Defendant. | Case No. **'18 CV 2696 GPC BGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**4. VIOLATION OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes FOREST MURRAY and BRITTNEY MURRAY ("Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of SYSTEMATIC NATIONAL COLLECTIONS, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

1

under 47 U.S.C. § 227 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, and Intentional Infliction of Emotional Distress ("IIED"), for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Southern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

## PARTIES

4. Plaintiffs are consumers over 18 years-of-age residing in Orange County, California, which is located within the Southern District of California.

5. Plaintiffs are natural "person[s]" as defined by 47 U.S.C. §153(39).

6. Defendant boasts that it provides "a full range of collections services from consulting on their In-House systems, to letter services, to the traditional contingency programs."[1] Defendant is a corporation organized under the laws of the state of California, with its principal place of business located at 1406 S. Santa Fe Ave., Suite D., Vista, California 92084. Defendant regularly collects upon consumers located in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.snccollections.com/

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Several years ago, Plaintiffs received financial services through Pacific Marine Credit Union ("Pacific Marine").

10. Due to financial hardship, Plaintiffs fell behind on their regular payments to Pacific Marine, thus incurring debt ("subject debt").

11. On or around 2015, Plaintiffs began receiving calls to their cellular phones, (760) XXX-1776 and (760) XXX-1471, from Defendant.

12. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones ending in -1776 and -1471.  Plaintiffs are and always have been financially responsible for the cellular phones and their services.

13. Defendant has mainly used the phone number (760) 630-4706 when placing calls to Plaintiffs' cellular phones, but upon belief, it has other numbers as well.

14. Upon information and belief, the above referenced phone number ending in -4706 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiffs have experienced a significant pause, lasting several seconds in length and have to say "hello" several times, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiffs are informed that it is acting as a debt collector attempting to collect upon the subject debt.

17. Plaintiffs explained their inability to address the subject debt and demanded that Defendant cease contacting them.

18. Despite Plaintiffs' demands, Plaintiffs continued to receive systematic phone calls from Defendant up until the filing of this action.

19. Defendant has called Plaintiffs' cellular phones multiple times during the same day, even after being told to stop.

20. Despite Defendant lacking permission to call Plaintiffs' cellular phones, Defendant still placed not less than 50 phone calls to Plaintiffs' cellular phones.

21. On at least one occasion, Defendant's representative falsely asserted that he was calling on behalf of Pacific Marine.

22. On at least one other occasion, Defendant's representative questioned the veracity of Plaintiffs' statements regarding their financial and personal sufferings, which included the heart surgery of their infant son.

23. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

24. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiffs are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a, because they are natural persons obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

28. Plaintiffs are "any person[s]" as that term is used in 15 U.S.C. § 1692d.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 1986.[2]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Defendant called Plaintiffs at least 50 times after they demanded that it stop calling. This repeated behavior of systematically calling Plaintiffs' phones in spite of their demands was

---

[2] http://www.acainternational.org/search#memberdirectory

harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

34. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs, yet it persistently continued its contacts, even calling Plaintiffs multiple times during the same day.

35. Defendant's comment questioning Plaintiffs' veracity regarding their financial and personal sufferings violated §1692d(2) because it is designed to belittle, harass, and abuse Plaintiffs by making inappropriate comments in an attempt to coerce Plaintiffs into paying the subject debt. The intended purpose of questioning the fact that Plaintiffs' infant son went through heart surgery was to abuse Plaintiffs' well-being in an attempt to force them to make a payment in order for the collection calls to cease.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiffs demanded that Defendant stop contacting them; Defendant continued to contact Plaintiffs via automated calls. Defendant systematically placed calls to Plaintiffs' cellular phones in a deceptive attempt to force them to

answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

39. Defendant further violated §1692e, e(10) and e(11) when it deceptively led Plaintiffs to believe that it was Pacific Marine and failed to disclose itself as a debt collector. Defendant attempted to confuse Plaintiffs by not disclosing itself as a debt collector and falsely leading Plaintiffs to believe that it was Pacific Marine with the goal of obscuring Plaintiffs' rights under the FDCPA. Therefore, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiffs from asserting their rights under the FDCPA.

    **c.  Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs at least 50 times after being notified to stop. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

42. Moreover, Defendant's conduct is prohibited under §1692f because it is unfair and unconscionable to continue to place numerous calls to Plaintiffs' cellular phones when Defendant knew that Plaintiffs could not address the subject debt and were undergoing several personal hardships. These means employed by Defendant served to place even more pressure on Plaintiffs in an attempt to unfairly and unconscionably collect upon the subject debt.

43. As pled in paragraphs 23 through 25, Plaintiffs have been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiffs, FOREST MURRAY and BRITTNEY MURRAY, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as though fully set forth herein.

45. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

46. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones. During answered calls from Defendant, Plaintiffs experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

47. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiffs' cellular phones using an ATDS without their consent. Any consent Plaintiffs may have given to Defendant by

virtue of incurring the subject debt was explicitly revoked by their demands that it cease contacting them.

48. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, FOREST MURRAY and BRITTNEY MURRAY, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

50. Plaintiffs restate and reallege paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

52. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

53. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.10 – 1788.17**

54. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

55. As outlined above, through their continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect form Plaintiffs by masquerading as the original creditor, using unlawful methods to place calls to Plaintiffs' cellular phones, and harassing Plaintiffs by minimizing their financial and personal hardships. These methods used by Defendant were designed to place undue pressure on Plaintiffs for the purpose of extracting payment from them.

56. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiffs statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiffs, FOREST MURRAY and BRITTNEY MURRAY, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiffs restate and reallege paragraphs 1 through 56 as though fully set forth herein.

58. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (Cal. 1979).

59. Defendant intentionally engaged in extreme and outrageous conduct by questioning Plaintiffs' financial and person hardships, which includes the surgery of their infant son. Defendant's conduct was designed to belittle, harass, and abuse Plaintiffs by making inappropriate comments in an attempt to coerce Plaintiffs into paying the subject debt. The intended purpose of questioning the fact that Plaintiffs' infant son went through heart surgery was to abuse Plaintiffs' well-being in an attempt to force them to make a payment in order for the collection calls to cease.

60. Defendant knew that its attack of Plaintiffs' veracity, which would diminish Plaintiffs' personal sufferings, would inflict severe emotional distress on Plaintiffs and their general well-being.

61. Defendant's actions were designed to instill anguish and emotional distress upon Plaintiffs.

62. Defendant's intentional and reckless conduct caused severe emotional distress to Plaintiff.

63. Plaintiffs suffered an emotional response to Defendants' conduct that resulted in exacerbation of Plaintiffs' anxiety and depression.

64. As pled in paragraphs 22 through 25, Plaintiffs were severely damaged by Defendants' conduct.

WHEREFORE, Plaintiffs, FOREST MURRAY and BRITTNEY MURRAY, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual damages in an amount to be determined at trial;

c. Awarding Plaintiffs punitive damages in an amount to be determined at trial; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: November 28, 2018            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com